NEW-YORK,<br>May, 1809.<br><br>Watkinson<br>v.<br>Laughton.

Motion denied.

——⋙ ⊛ ⋘——

WATKINSON *against* LAUGHTON.

THIS was an action brought to recover damages for the non-delivery of certain goods shipped at *Liverpool*, on board of a vessel, of which the defendant was master, and consigned to the plaintiff on his own account. The defendant having been held to bail, *Griffin*, in his behalf, now moved for his discharge, on filing common bail. It appeared that a similar application had been made to the recorder of *New-York*, in the last vacation, who had refused to discharge the defendant. On showing cause before the recorder, the plaintiff's affidavit stated, that he could not certainly know that the goods in question were actually shipped, yet he had no doubt that they were shipped, as he received a regular invoice of them, and a bill of lading signed by the defendant; that the goods were contained in trunks, one of which, on being opened, was found entirely

What is a sufficient affidavit of a cause of action on a motion to discharge a defendant, on common bail.

empty, and several others partly empty, and from the appearance of the mats and ropes, the trunks had evidently been opened since the goods had been packed up; that the goods missing were demanded of the defendant, and the freight tendered, but they were never delivered; and that the defendant's place of abode is at *Liverpool.*

*Griffin* insisted, that the affidavit of the plaintiff was defective, as it did not state with certainty, that the goods alleged to be lost were actually shipt, nor that they were embezzled by the defendant, or lost by his negligence, but merely a belief that they were so. That the contents of the trunks were unknown to the defendant, and the bill of lading expressly mentioned, " contents unknown." He cited 1 *Sellon's Practice,* 112. and *Welsh* v. *Hill,* (2 *Johns. Rep.* 100.)

*Wells,* contra, offered a supplementary affidavit.

*T. A. Emmet,* for defendant, objected, that as this was an appeal from the decision of the recorder, any new affidavits would be irregular.

SPENCER, J. This is a new application to this court, founded on a notice, in the usual way; it is, therefore, proper to receive new affidavits.

*Per Curiam.* We consider the affidavit of the plaintiff which was read as sufficient, and the motion must, therefore, be denied.

Rule refused.