DOREMUS and others *vs.* KINNEY and others.

The application to compel the plaintiff to shew cause of action must be made in the first instance to a judge or commissioner, and not to the court.

The party dissatisfied with the determination of the judge can bring the matter before the court only by appeal.

THE defendants were arrested at the suit of the plaintiffs on a *capias ad respondendum* in trover, by the sheriff of the city and county of New-York, and committed to prison for want of bail. They obtained from the circuit judge an order that the plaintiffs show cause of action, and why the defendants should not be discharged on filing common bail; or why the amount of bail should not be mitigated. After hearing the parties, the judge made an order mitigating bail; but refused to discharge the defendants altogether. The defendants now move, without any reference to the proceedings before the circuit judge, that they be discharged from custody on filing common bail. The motion is founded on affidavits tending to show that the plaintiffs have no cause of action in trover, and consequently that the defendants ought not to be held to bail.

*E. Sandford & T. E. Tomlinson,* for the defendants

*N. Hill, Jr. & J. S. Carpentier,* for the plaintiffs. The defendants should have appealed from the decision of the circuit judge, instead of making an original motion. By omitting to appeal, they have acquiesced in the order of the circuit judge. They cited 4 *Hill,* 554; 5 *id.* 568; 3 *id.* 455; 1 *Wend.* 107.

*Sandford* in reply. The defendants need not appeal in such cases, but may proceed as upon an original application. The practice is settled. (*Watkinson* v. *Laughton,* 4 *John.* 307; *Hart* v. *Faulkener,* 5 *id.* 362; *Grah. Prac.* 164.)

*By the Court,* BRONSON, Ch. J. Trover is an action in which the defendant may be held to bail as a matter of course. (2 *R. S.*

348, § 7.) And in such cases, if the defendant wishes relief, he is not at liberty to come here in the first instance; but must apply to a judge at chambers for an order that the plaintiff show cause of action, or that the bail be mitigated. (*Smith* v. *Newell*, 7 *Wend.* 484.) And if either party is dissatisfied with the decision of the judge, the matter should be brought up by way of appeal. It cannot be proper to come here by way of original application. The case of *Watkinson* v. *Laughton*, (4 *John.* 307,) was an appeal; and in *Hart* v. *Faulkener*, (5 *id.* 362,) the motion was that an *exoneretur* be entered on the bail-piece; which was an application that had not been, and could not be made before a judge at chambers.

The motion must be denied; but without prejudice to any further application to the circuit judge, or an appeal from the order which he has already made.

Ordered accordingly.